Josephine Linker Hart, Justice, dissenting. . Li oppose dismissing Mr. Garrison’s case—presumably on the merits—before his brief has even been filed. All this court has before it are-three pro se motions: a motion for an extension of time to file his brief, a motion for access to the record of his criminal trial, and a motion seeking- to have his brief duplicated at public expense. At this point in the appellate process, Mr. Garrison has not perfected his appeal, so it is improper for this court to decide—and dismiss—his case. Dismissing Mr. Garrison’s appeal before his brief has even been accepted by the court is, in effect, an unconstitutional denial of Mr. Garrison’s access to the courts. The Arkansas Constitutions states: Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character; he ought to obtain justice freely, and.without purchase; completely, and without denial; promptly and’without delay; conformably to the laws Ark. Const, art. 2, § 13. The laws of this state guarantee Mr. Garrison the right to appeal. Ark. Const. Amendment 80, §' 13.1 am mindful that our rules of appellate procedure allow for this court to dismiss an appeal if it is not perfected; it is within our constitutional authority to prescribe all rules of practice and procedure. • Ark. Const, amend. 80 § 3. In doing so, this court -establishes the parameters of an appellant’s due-process rights. I will not join an opinion in which the majority ignores the very processes that we ourselves have prescribed. I respectfully dissent.